UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 1:10-cr-00110-008 |
| v. ) | |
| ) | Judge Collier/Steger |
| JERRY LAWSON ) | |

## MEMORANDUM AND ORDER

JERRY LAWSON ("Defendant") came before the Court for an initial appearance on December 14, 2022, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Petition for Warrant for Offender Under Supervision ("Petition") [Doc. 743].

After being sworn in due form of law, Defendant was informed of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

The Court determined Defendant wished to be represented by an attorney and that he qualified for the appointment of an attorney to represent him at government expense. Consequently, the Court **APPOINTED** attorney Mike Acuff to represent Defendant.

Defendant was furnished with a copy of the Petition, and had an opportunity to review that document with his attorney. The Court determined that Defendant was able to read and understand the Petition with the assistance of his counsel. In addition, AUSA Frank Clark explained to Defendant the specific charges contained in the Petition. Defendant acknowledged he understood the charges in the Petition.

The Government moved Defendant be detained pending disposition of the Petition or further Order of this Court. The Court explained Defendant's right to a preliminary hearing and detention hearing and what those hearings entail. After conferring with his counsel, Defendant requested a preliminary hearing and a detention hearing. The Court scheduled these hearings on December 15, 2022, and Defendant was detained pending such hearing.

At the detention hearing on December 15, 2022, the Government was represented by AUSA Frank Clark and Defendant was represented by Attorney Mike Acuff. The Government relied upon the allegations in the Petition [Doc. 743] as well as the testimony of United States Probation Officer Reshard Montgomery and United States Probation Officer Rebekah Weiler (from the United States District Court for the Northern District of Georgia). The Petition recites several conditions of supervision violated by Defendant, *to wit*:

- Defendant must not unlawfully possess a controlled substance.
- Defendant shall refrain from any unlawful use of a controlled substance.

- Defendant must report to the probation officer as instructed.
- Defendant must work full time at a lawful type of employment.
- Defendant must follow the instructions of the probation officer related to the conditions of supervision.[1]

The Petition also details facts giving rise to violations of these conditions of supervision, which facts were verified by Officers Montgomery and Weiler when they testified in court. Specifically, Defendant failed to attend group treatment for substance abuse at CADAS in July and August 2019; Defendant tested positive for methamphetamine on September 26, 2019, positive for amphetamine on October 7, 2019, and submitted diluted urinalysis samples on October 24, 2019, and November 4 and 28, 2019. A summons was issued by the Court; however, because of the COVID pandemic, the Court withdrew the summons after Defendant completed a term of treatment at CADAS.

Following those events, Defendant continued to have issues with non-compliance after April 2021. More specifically, Defendant failed to respond to verbal messages and voicemails from his probation officer in June 2021. On July 19, 2021, Defendant failed to report to the probation office as directed. On September 14, 15 and 27, 2021, Defendant again failed to respond to voicemails, text messages and a personal message from his probation officer. As a result of these infractions, on October 4, 2021, Defendant was required by his probation officer to report to the probation office every other week. Defendant failed to report on October 15 and 21, 2021. On October 29, 2021, he tested positive for methamphetamine. He then failed to report to the probation office on November 8 and 23, 2021. A Petition for Summons for Offender Under Supervision was signed by Judge Curtis Collier on February 3, 2022.

Defendant was instructed by his probation officer to report to the probation office in Chattanooga on February 11, 2022. He failed to report as directed. Consequently, a Petition for Warrant for Offender Under Supervision was filed on February 23, 2022. Defendant was arrested and brought before the Court on the present Petition on December 14, 2022. After arriving at the federal courthouse, Defendant admitted to Officer Montgomery that he would test positive for methamphetamine.

Defendant's counsel, Mike Acuff did not call any witnesses to rebut the Government's case, but he did proffer evidence on behalf of Defendant. More specifically, Mr. Acuff proffered that Defendant is married; has two teenage children; is a good husband and father; is purchasing a home for his family; works in a construction job renovating properties; often works six or seven days a week; and is a good employee. Defendant's wife and employer were present in the courtroom to corroborate this testimony.

With respect to the preliminary hearing, the Court finds that probable cause exists to demonstrate that Defendant committed certain violations of his conditions of supervised release, *to wit*, Defendant must not unlawfully possess a controlled substance; Defendant shall refrain from any unlawful use of a controlled substance; Defendant must report to the probation officer as instructed; and Defendant must follow the instructions of the probation officer related to the

---

[1] The specific conditions have been shortened for the sake of brevity. They are set forth in their entirety in the Petition [Doc. 743].

conditions of supervision.

On the other hand, the Court finds that probable cause does not exist to demonstrate that Defendant violated the condition requiring that he work full time at a lawful type of employment. To the contrary, the evidence at the hearing demonstrated that Defendant has a responsible job in home construction/renovation in which he works regularly, and that his employer regards him as a very good employee.

With respect to the detention hearing, the undersigned is obligated to start with the rebuttable presumption that Defendant is a danger to any other person or to the community and that he poses a risk of flight. Based on the evidence adduced at the hearing, the Court concludes that Defendant has carried the burden of rebutting that presumption and establishing by clear and convincing evidence that he does not pose a danger to any other person or to the community and that he is not flight risk. The Court finds that Defendant does have an addiction problem and that he has used methamphetamine while on supervised release. The Court further finds that Defendant has failed to be fully cooperative with the United States Probation Office and that such behavior is unacceptable. However, even while using methamphetamine and failing to follow his Probation Officer's instructions, Defendant has held a responsible job and been a good husband and father to his family. Consequently, the Court concluded that Defendant is neither a danger to the community nor a flight risk, and that he could remain out of custody—subject to strict adherence to the conditions of his supervised release—pending his revocation hearing before the Honorable United States District Judge Curtis L. Collier on February 8, 2023, at 2:00 p.m.

The undersigned strongly reiterated to Defendant that he must follow his Probation Officer's instructions and strictly follow the conditions of supervision imposed upon him— including, without limitation, all conditions relating to possession or use of an unlawful controlled substance—and that failure to do so will lead to his detention pending the revocation hearing.

For the foregoing reasons, the Court **DENIED** the Government's oral motion to detain Defendant pending disposition of the Petition or further order of this Court.

It is, therefore, **ORDERED** that:

1. Defendant shall remain out of custody on his existing conditions of supervised release pending the revocation hearing on February 8, 2023, at 2:00 p.m., before United States District Judge Curtis L. Collier.

2. Defendant shall be present at the United States District Court in the Eastern District of Tennessee for his revocation hearing on **February 8, 2023, at 2:00 p.m.** before the Honorable United States District Judge Curtis L. Collier.

**ENTER.**

/s/ *Christopher H. Steger*

UNITED STATES MAGISTRATE JUDGE